UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

LEON LION I EUGENE WHITE, JR.,

Plaintiff,

Case No. 26-cv-1258-bhl

v.

OFFICER F INGRAM,

Defendant.

## ORDER

On July 17, 2026, Plaintiff Leon Lion I Eugene White, Jr., proceeding without an attorney, filed a complaint against "Officer F. Ingram" and a motion for leave to proceed without prepayment of the filing fee, or *in forma pauperis* (IFP).  (ECF Nos. 1 & 2.)  White is a frequent filer in this Court.  From 2016 through 2025, he filed four cases, all four of which were ultimately dismissed for failure to state a claim or failure to prosecute after White stopped litigating the matter.  *See White v. Wright*, Case No. 16-cv-1240, ECF Nos. 29 & 30; *White v. Ozelie*, Case No. 19-cv-00646, ECF No. 7; *White v. Claudio*, Case No. 25-cv-0302, ECF No. 4; *White v. Dickinson*, Case No. 25-cv-0639, ECF Nos. 17 & 18.  In the last four months, White has filed five more cases and sought to proceed IFP in each, with each IFP motion supported by the same financial information (showing that he receives $967.00 in social security and has monthly expenses of $330.00 "or more").  *White v. Clemons (Clemons I)*, Case No. 26-cv-912, ECF Nos. 1 & 2; *White v. Clemons (Clemons II)*, Case No. 26-cv-913, ECF Nos. 1 & 2; *White v. Huber*, Case No. 26-cv-916, ECF Nos. 1 & 2; *White v. Clemons (Clemons III)*, Case No. 26-cv-1076, ECF Nos. 1 & 2. On May 28, 2026, the Court denied his motions to proceed IFP in three cases, finding that he is not indigent.  *Clemons I*, Case No. 26-cv-912, ECF No. 4; *Clemons II*, Case No. 26-cv-913, ECF No. 4; *Huber*, Case No. 26-cv-916, ECF No. 4.

On June 16, 2026, White paid the filing fee in *Clemons I* and, at the same time, filed his fourth case in which he again sought IFP treatment, although his financial circumstances remained the same.  The Court denied his motion for the reasons detailed in its prior orders but also dismissed

the case as a sanction. *Clemons III*, Case No. 26-cv-1076, ECF No. 4. The dismissal order explained that White had displayed "a blatant disregard for the Court's prior rulings" when he filed another IFP motion without changed financial circumstances, despite paying the filing fee in another case, demonstrating that he is able to pay the fee. *Id.*, ECF No. 4 at 2. The Court dismissed that case without prejudice but warned that if White filed another IFP motion without changed financial circumstances, future cases could be dismissed with prejudice.[1] *Id.*, ECF No. 4. Notwithstanding that warning, White has filed this latest case and again seeks IFP treatment based on the same financial circumstances.

As explained in the Court's prior orders, the Court has authority to allow a plaintiff to proceed IFP upon the submission of an affidavit that identifies the plaintiff's assets and allows the Court to find that the plaintiff is unable to pay the filing fee. *See* 28 U.S.C. §1915(a)(1). White's IFP application includes a representation under penalty of perjury and again states that he receives $967.00 per month in Social Security Income and has monthly expenses of $330.00 "or more." (ECF No. 2 at 2–3.) On these facts, the Court will again deny White's IFP motion, because he has not shown that he is indigent. While a plaintiff need not be totally destitute to establish indigence, *Zaun v. Dobbin*, 628 F.2d 990, 993 (7th Cir. 1980), the Court's authority to grant IFP motions "is reserved to the many truly impoverished litigants who . . . would remain without legal remedy if such privilege were not afforded to them," *Brewster v. N. Am. Van Lines, Inc.*, 461 F.2d 649, 651 (7th Cir. 1972). The total cost of filing a civil action is only $405.00, which includes the $350.00 statutory filing fee and a $55.00 administrative fee. Based on his own representations to the Court, White has an excess of $637.00 in monthly net income after paying his expenses. He may use this money to pay the filing fee.

The Court will also dismiss the case with prejudice. The Court has four times explained to White that, under his current financial situation, he is not IFP eligible. And he has paid the filing fee in one of his cases, further demonstrating that he *can* pay the filing fee. "Litigation is not a free good." *Lumbert v. Ill. Dep't of Corr.*, 827 F.2d 257, 259 (7th Cir. 1987). White's continued refusal to pay the filing fee demonstrates an implied evaluation of his case that the Court is entitled to honor. *See id.* at 260. Moreover, White's refusal to accept the Court's denial of IFP status

---

[1] Since the Court's order, two of White's other cases were dismissed for failure to prosecute after he failed to pay the filing fee by the Court's deadline. *See Clemons II*, Case No. 26-cv-913, ECF Nos. 5 & 6; *see also Huber*, Case No. 26-cv-916, ECF Nos. 5 & 6.

diverts the judiciary's resources from cases filed by litigants willing to follow the Court's orders and therefore warrants dismissal with prejudice as a sanction. *See United States ex rel. Verdone v. Cir. Ct. for Taylor Cnty.*, 73 F.3d 669, 671 (7th Cir. 1995); *see also Omegbu v. Milwaukee County*, No. 05-C-596, 2008 WL 220342 (E.D. Wis. Jan. 25, 2008). If White again files a new complaint and another IFP motion with unchanged financial circumstances, the Court may assess monetary sanctions or impose a filing bar. *See Support Sys. Int'l, Inc. v. Mack*, 45 F.3d 185, 186 (7th Cir. 1995); *see also In re City of Chicago*, 500 F.3d 582, 584–85 (7th Cir. 2007).

For the above reasons,

**IT IS HEREBY ORDERED** that White's complaint, ECF No. 1, is **DISMISSED with prejudice**. His motion for leave to proceed IFP, ECF No. 2, is **DENIED**. The Clerk of Court is instructed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin on July 27, 2026.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge